# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| ROGER A. CHATMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:05CV11 TIA |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Timothy Harlan, attorney for Plaintiff, seeking attorney's fees pursuant to 42 U.S.C. § 406(b). (Docket No. 23). The parties consented to the jurisdiction of undersigned pursuant to 28 U.S.C. § 636(c).

In the instant motion, Mr. Harlan seeks attorney's fees pursuant to 42 U.S.C. § 406(b). On March 31, 2006, the undersigned reversed and remanded the decision of the Commissioner of Social Security denying Plaintiff benefits. Upon remand, the Commissioner of Social Security awarded retroactive benefits totaling $87, 820. Twenty-five percent of this amount, or $21,820.50, was withheld for the direct payment of attorney's fees. Plaintiff's attorney was awarded $1,442.25 under the Equal Access to Justice Act ("EAJA"). (Docket No. 22).

Mr. Harlan seeks attorney's fees pursuant to 42 U.S.C. § 406(b)(1)(A). Plaintiff's attorney argues that he should receive a fee of $3,100.00 of Plaintiff's retroactive benefits because Plaintiff and he entered into a contingent fee agreement, he achieved a favorable result for Plaintiff, and the fees he requests are reasonable. Defendant does not object to the award of attorney's fees in the requested amount so long as the Court includes in its order a provision directing Plaintiff's attorney

to refund the fees previously awarded under EAJA in the amount of $1,442.25 to Plaintiff. The undersigned agrees with Defendant. Inasmuch as Plaintiff's counsel may not profit twice for the same work, he must refund to Plaintiff the $1,442.25 he received pursuant to the EAJA. Attorneys are entitled to fees under the EAJA, which provides that "a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). An attorney may receive fees under both § 406(b) and the EAJA, but must refund the smaller of the two fees to the plaintiff. Id. Since Mr. Harlan has already been awarded $1,442.25 under the EAJA, he must refund that amount to Plaintiff. Accordingly, Mr. Harlan is awarded $3,100.00 pursuant to his contingency fee agreement and 42 U.S.C. § 406(b), and Mr. Harlan shall refund to Plaintiff the sum of $1,442.25 which represents those attorney's fees already awarded to Plaintiff under the EAJA, 28 U.S.C. § 2412. Accordingly,

**IT IS HEREBY ORDERED** that pursuant to 42 U.S.C. § 406(b)(1)(A), Plaintiff's attorney, Mr. Timothy Harlan, be awarded attorney's fees in the amount of $3,100.00. Additionally, Plaintiff's counsel shall refund to Plaintiff the sum of $1,442.25, representing the EAJA attorney fee amount previously awarded to counsel under the EAJA.

**IT IS FURTHER ORDERED** that the Commissioner is directed to pay to Roger A. Chatman the remainder of the attorney fee withheld from his past due benefits in the amount of $11,720.50.

Dated this 30th day of July, 2009.

                                               /s/ Terry I. Adelman
                                               UNITED STATES MAGISTRATE JUDGE